(C.D. 4408)

GENERAL INSTRUMENT CORPORATION *v.* UNITED STATES

(Decided February 13, 1973)

*Lincoln & Stewart* (*Eugene L. Stewart* of counsel) for the plaintiff.
*Harlington Wood, Jr.,* Assistant Attorney General (*James Caffentzis,* trial attorney), for the defendant.

RICHARDSON, Judge: The above two actions involving "selenium rectifiers" were consolidated for trial. The merchandise was exported from Taiwan and entered at the port of New York in September and December 1967.

The parties agree that the merchandise was correctly classified under item 687.60, TSUS, as transistors and other electronic crystal components, and duty was assessed at the rate of 12½ percent ad valorem.

The articles were assembled abroad from materials of products of the United States exported from the United States. The import entries claimed duty-free treatment under item 807.00, TSUS, with respect to the products of the United States incorporated in the imported merchandise. The five separate components exported from the United States which were incorporated in the imported goods are: selenium cells; a metal collar—which looks very much like a comb; metal terminals shaped like paddles; precut lengths of sleeving called "shrink sleeving," tubular in shape; and a plastic case.

The appropriate customs officials allowed item 807.00 duty treatment to the metal collar, and the metal terminals, but refused such treatment to the selenium cells, plastic case, and shrink sleeving. Plaintiff's protest of the refusal to allow duty-free treatment to said three components was denied.

The plaintiff called one witness, Norman Farb, and introduced three exhibits in addition to two unmarked invoices. The government offered no witnesses or exhibits. At the conclusion of the trial, plaintiff filed a fifty-one page brief. The government responded with a statement in lieu of a brief.

In the government's statement it asserts that

"After a complete and full review of the record made at the instant trial, defendant now takes the position that the denial of item 807.00, TSUS, treatment in these protests to the aforementioned products was erroneous. The record establishes to our satisfaction that the cell, case, and sleeving are fabricated components, the products of the United States, which were exported to Taiwan in condition ready for assembly without further fabrication. Additionally, the record also establishes to our satisfaction that the involved components did not lose their physical identities in the imported articles by change in form, shape, or otherwise. And finally, the record establishes to our satisfaction that said components were not advanced in value or improved in condition abroad except by being assembled.

"Based upon the record made herein, defendant consents to the Court granting relief in the form of a judgment sustaining plaintiff's claims that the case and sleeving in protest 70/22356, and the cell in protest 70/43060, are entitled to an allowance under item 807.00, TSUS."

In view of the evidence of record and the concessions by the defendant, I find as facts that the selenium cells, plastic case, and shrink sleeving:

1. Were products of the United States in the form of fabricated components at the time of their exportation to Taiwan;

2. Were exported in condition ready for assembly into the imported selenium rectifiers without further fabrication;

3. Did not lose their physical identity in such imported articles by change in form, shape, or otherwise;

4. Were not advanced in value or improved in condition abroad except by being assembled and except by operations incidental to the assembly process.

I conclude as a matter of law that the selenium cells, plastic case, and shrink sleeving are entitled to duty-free tariff treatment under item 807.00 of the Tariff Schedules of the United States, and the complaints are sustained.

Judgment will be entered accordingly.